UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                Case No. 22-CR-30

CHAD M. SCHAMPERS,
NATHANIEL R. SMITH,
GINA L. SCHAMPERS, and
JEFFREY M. O'BRIEN,

    Defendants.

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DENYING MOTION TO DISMISS INDICTMENT

    A grand jury sitting in Milwaukee, Wisconsin, returned a ten-count Indictment against Chad M. Schampers, Nathaniel R. Smith, Gina L. Schampers, and Jeffrey M. O'Brien. Count One of the Indictment charges the defendants with conspiracy to commit wire and bank fraud in violation of 18 U.S.C. §§ 1343, 1344(2), and 1349. Counts Two through Ten charge them with individual counts of wire fraud in violation of 18 U.S.C. §§ 1343 and 2(a). The defendants have entered pleas of not guilty and filed pretrial motions, including a motion to dismiss the Indictment, which is addressed herein.

    The practice in this district is that pretrial motion practice in criminal cases is handled by the assigned magistrate judge. In this case, Magistrate Judge Nancy Joseph has filed a Report and Recommendation addressing the defendants' motion to dismiss the Indictment and recommending that it be denied. Dkt. No. 80. Having considered Magistrate Judge Joseph's thorough Report and

Recommendation, the defendants' timely objections, the Government's response, and the law governing the validity of an indictment, I conclude that the motion to dismiss should be denied.

Magistrate Judge Joseph has provided in her Report and Recommendation a comprehensive summary of the law setting forth the requirements of an indictment and the essential elements of the charges in this case, as well an analysis of the defendants' motion to dismiss, which I fully adopt. I will briefly address the defendants' objections to that analysis.

The defendants have drawn an important distinction between the intent to defraud and the intent to deceive. Several of the allegations in the Indictment relate to deceptive practices the defendants allegedly engaged in to induce customers to choose their company, Summit Contracting, Inc., for their remodeling projects, as opposed to another contractor. The defendants argue that at most the deceptive practices alleged may violate state consumer protection statutes. They suggest that the customer complaints underlying the charges would be better handled by the Better Business Bureau than a federal criminal prosecution.

"[An] indictment must state all of the elements of the crime charged." *United States v. Smith*, 230 F.3d 300, 305 (7th Cir 2000). An essential element of the crime of wire fraud is the intent to defraud. *United States v. Chanu*, 40 F.4th 528, 539 (7th Cir. 2022). Intent to defraud within the meaning of 18 U.S.C. § 1343, however, is more than the intent to deceive. Intent to defraud requires that the alleged deceit be for the purpose of obtaining money or property by means of those deceptions. As the defendants contend, there must be an intent to both "deceive and cheat." Dkt. No. 54 at 6 (citing *United States v. Miller*, 953 F.3d 1095, 1101 (9th Cir. 2020)); *see also United States v. Chanu*, 40 F.4th 528, 542–43 (7th Cir. 2022) (noting that for intent to defraud "[y]ou need deception, and you need an intent to cause loss of money or property, i.e., intent to harm").

2

The defendants contend that the Indictment contains no such allegation. They argue that all that is alleged is that they may have deceived their customers and thereby induced them to hire Summit, and that they then withdrew money from their customers' accounts before the work was completed. Absent any allegation that they took the money without completing the work, the defendants argue, the Indictment fails to allege wire fraud.

In her Report and Recommendation, Magistrate Judge Joseph concluded that the Indictment did allege an intentional "scheme to defraud." That scheme consisted of using false statements to induce customers into using Summit for their home improvement projects, pressuring the customers into financing their projects through Summit's chosen financers, encouraging the customers to lie to the financers about their financial situation in order to secure the funds, and then withdrawing the funds without completing the projects. The defendants contend that Magistrate Judge Joseph erred in reading into the Indictment the allegation that projects for which the defendants caused Summit to be paid were never completed.

To be sure, the Indictment could be clearer. But reasonably read, it is sufficient to allege a scheme to defraud. As the Government points out, paragraph 5 of the Indictment explicitly states that the defendants "with the intent to defraud knowingly caused to be transmitted in interstate wire communications originating in the Eastern District of Wisconsin related to the recruitment of customers, financing of home improvement loans, and receiving payment of *uncompleted and partially completed projects*." Indictment ¶ 5, Dkt. No. 1 (italics added). The Indictment also alleges that the defendants wrongfully obtained or attempted to obtain $1,500,000. *Id.* at ¶ 4. Read as a whole, the Indictment is sufficient to allege conspiracy to commit the crime of wire fraud and multiple counts of wire fraud corresponding to the individual wire transfers of funds for uncompleted projects alleged in the Indictment.

3

As to the charge of bank fraud, the defendants contend that the Indictment fails to allege that a false statement was made to a financial institution. They note that the Indictment alleges only that Summit sales representatives "encouraged applicants to misrepresent their annual income to ensure approval of the loan." *Id.* at ¶ 3(e). There is no allegation, however, that the customers actually misrepresented their income. Nor is there any allegation, the defendants contend, that the defendants made any statements, directly or indirectly, to a financial institution. The allegedly false statements that form the basis of the charge of bank fraud are statements the defendants or their customers made to GreenSky and EnerBank, both of whom are identified in the Indictment as "third parties who offer home improvement loans funded by a variety of participating financial institution lenders." *Id.* at ¶ 2(b). Absent any allegation of a false statement made to a financial institution as defined by 18 U.S.C. § 20, the defendants argue, the Indictment fails to allege a charge of conspiracy to commit the crime of bank fraud.

In response to the defendants' objection, the Government accuses the defendants of insisting on "a hyper technical and legalistic framing that uses 'magic words' to satisfy the pleading standard." Dkt. No. 86 at 4. But encouraging someone to make a false statement is not the same as making a false statement. Pointing out the distinction is not hyper technical; nor is it a call for "a legalistic framing that uses 'magic words.'" On the other hand, Count One of the Indictment charges conspiracy to commit bank fraud, not actual bank fraud. Conspiracy is an agreement to commit a crime; it does not require that the underlying crime be completed. *See* William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit, 5.09 ("A conspiracy may be proven even if its goal was not accomplished.) That the defendants "encouraged" customers/applicants "to misrepresent their annual income to ensure approval of the loan" reflects

the state of mind needed to show an agreement to commit bank fraud, even if it is not enough to show actual bank fraud.

Moreover, the misrepresentation as to applicants' annual income is not the only misrepresentation the defendants are alleged to have intended to use. The Indictment also alleges that "customers were fraudulently induced into signing paperwork acknowledging that Summit's work on a project was completed within hours after the sales representative met the customer for the initial sales pitch," and that "[c]ontrary to the terms of the financing agreements between Summit, EnerBank and GreenSky, and the customers, [the defendants] withdrew funds from customer's financing accounts prior to beginning any work and ordering any necessary building supplies." Indictment ¶¶ 3(f), (g). The logical inference from these allegations is that the defendants used the false statements that the work had been completed to authorize the transfer of funds from the customer loan accounts to Summit.

As for the argument that false representations to EnerBank and GreenSky are not sufficient because they are not financial institutions within the meaning of 18 U.S.C. § 20, the Government points out that subsection (2) of § 1344 does not require the false statements to be made to the financial institution. That subsection states that bank fraud is also committed by "[w]hoever knowingly executes, or attempts to execute, a scheme or artifice . . . to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises." 18 U.S.C. § 1344(2). According to the Indictment, the home improvement loans offered by GreenSky and EnerBank are funded by financial institutions whose deposits are insured by the Federal Deposit Insurance Corporation. Indictment ¶ 2(b). The fact that the loans were funded by financial institutions can reasonably be taken to mean that the funds were under the custody or

5

control of a financial institution. Taken in its totality, the Indictment is sufficient to allege the offense of conspiracy to commit bank fraud.

Accordingly, for the reasons stated here and in Magistrate Judge Joseph's Report and Recommendation, the defendants' motion to dismiss the Indictment is denied.

**SO ORDERED** at Green Bay, Wisconsin this 19th day of April, 2023.

s/ William C. Griesbach<br>
William C. Griesbach<br>
United States District Judge